UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMARE B. KASSA,

        Plaintiff(s),

v.

SELLAND AUTO TRANSPORT, INC.,

        Defendant(s).

NO. C05-1304P

ORDER ON MOTION TO DISMISS REMAINING STATE LAW CLAIM

The above-entitled Court, having received and reviewed:

1. Motion to Dismiss Remaining State Law Claim

2. Plaintiff's Response to Defendant's Motion to Dismiss Remaining State Law Claim

3. Reply Brief on Motion to Dismiss Remaining State Law Claim

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that Plaintiff's remaining state law claim is DISMISSED without prejudice on the grounds that the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

**Discussion**

The Court has previously dismissed all of Plaintiff's federal causes of action. *See* Order Granting in Part and Denying Motion for Summary Judgment, Dkt. No. 30.  Once the federal law claims which formed the basis for a court's original jurisdiction have been dismissed, a federal district court has discretion to decline to exercise the supplemental jurisdiction it previously exerted over a plaintiff's state law claims.

**ORD ON MTN TO DISMISS
STATE LAW CLAIMS  - 1**

    (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

                                         * * *

    (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c)(3).

The federal courts exist primarily to hear claims concerning the United States Constitution, federal statutes, and cases where the parties can establish diversity. It is common for U.S. District Courts, in matters where all federal law claims have been dismissed, to refuse to continue exercising jurisdiction over any remaining state law causes of action. *See* <u>Harrison v. Landmark Comm. Publications of Tenn.</u>, 892 F.Supp. 199, 200 (E.D. Tenn. 1995) (recommending "against exercising supplemental jurisdiction of state-law claims when all federal-law claims in a civil action have been dismissed before trial, considering interests of judicial economy, the avoidance of a multiplicity of litigation, and the risk of needlessly deciding state-law issues"]; <u>Hoffman v. Applications Sales & Service, Inc.</u>, 366 F.Supp.2d 177, 185 (D. Me. 2005), <u>aff'd</u> 439 F.3 9 (1st Cir. 2006) [court should decline jurisdiction over remaining state law claims if federal claims dismissed]; <u>Shabat v. Blue Cross</u>, 925 F.Supp. 977, 991 (W.D.N.Y. 1996), <u>aff'd</u> 108 F.3d 1370 (2nd Cir. 1997) ["It is well settled that 'if the federal law claims are dismissed before trial. . . the state law claims should be dismissed as well.'" (*citations omitted*)].

The Court is aware that Defendant's request comes late in the proceedings in this lawsuit. However, a court may decline supplemental jurisdiction at any stage of the litigation, even where it has previously decided to exercise such jurisdiction. <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills</u>, 141 F.3d 1284, 1287 (8th Cir. 1994).

In addition to the well-established precedent for this practice, the Court is also mindful of the issue of judicial economy. Were the Court to move forward with a jury trial on the remaining state law cause of action, citizens from throughout Western Washington would be summoned to this forum to hear testimony on a limited claim of whether Plaintiff, during his ten days in the employ of

**ORD ON MTN TO DISMISS**
**STATE LAW CLAIMS - 2**

1  Defendant, experienced a hostile work environment.  If Plaintiff chooses to file his claim in state court,

2  it would be handled by a single hearing officer in a mandatory arbitration proceeding, rendering the

3  expense of a jury trial in this forum unnecessary and wasteful.  Such a proceeding would make full use

4  of whatever pretrial discovery and preparation Plaintiff has accomplished to date, so his own efforts to

5  prepare his case would not have been futile.  Furthermore, Plaintiff would not be subject to any statute

6  of limitations bar, as any applicable statute of limitations "shall be tolled while the claim is pending [in

7  federal court] and for a period of 30 days after the dismissal unless state law provides a longer period."

8  28 U.S.C. § 1367(d).

9  Plaintiff has failed to put forth any persuasive arguments on why his case should remain in

10 federal court.  The Washington state court system is fully equipped to handle claims of discrimination,

11 and (under their mandatory arbitration provisions) more economically than the federal system.

12 Although Plaintiff's counsel claims insufficient time to respond to Defendant's motion to

13 dismiss the remaining state law claim, he fails to indicate what he would have accomplished with a

14 longer response period that he was not able to accomplish in the time he was given.  As it was, the

15 motion and the options available to Plaintiff were fully discussed at the pretrial conference held on

16 October 4, 2006.  Plaintiff was then given two days to consider what he wished to do and to respond

17 to Defendant's two pages of briefing on a single issue of law.  The Court does not find the time

18 allotted inadequate to the limited requirements of this briefing.

19 **Conclusion**

20 Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction

21 over the lone state law cause of action in this matter.   Plaintiff's remaining state law claim of a hostile

22 work environment will be DISMISSED without prejudice.

23

24 The clerk is directed to provide copies of this order to all counsel of record.

25

26 **ORD ON MTN TO DISMISS**
**STATE LAW CLAIMS  - 3**

Dated: October 11, 2006

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO DISMISS
STATE LAW CLAIMS - 4**